

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JEWELERS MUTUAL INSURANCE COMPANY**                     **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO.  1:14-CV-412-LG-RHW**

**JOEL C. CAVALIER AND**
**LAURIE CAVALIER**                                                    **DEFENDANTS**

### FINAL CONSENT JUDGMENT

Jewelers Mutual Insurance Company ("Jewelers Mutual"), through counsel, has moved the Court to enter this Final Consent Judgment in this action which:

**(i)** Grants all claims for declaratory relief contained in the Complaint for Declaratory Judgment filed by Jewelers Mutual on October 30, 2014 [Dkt. No. 1];

**(ii)** Denies each of the Cavaliers' separate counterclaims contained in their Counterclaim filed on December 17, 2014 [Dkt. No. 9], including: (a) all allegations and claims contained in Count I (paragraphs 13-14) alleging breach of contract; (b) all allegations and claims contained in Count II (paragraphs 15-16) alleging breach of fiduciary duty; (c) all allegations and claims contained in Count III (paragraphs 17-18) alleging breach of the duty of good faith and fair dealing; (d) all allegations and claims contained in Count IV (paragraphs 19-23) alleging bad faith and/or punitive damages; (e) all allegations and claims contained in Count V (paragraphs 24-26) alleging gross negligence, malice and/or reckless disregard; (f) all allegations and claims contained in Count VI (paragraphs 27-28) alleging extra-contractual damages; and (g) all allegations and claims contained in Count VII (paragraphs 29-30) alleging intentional and negligent infliction of emotional distress, equitable estoppel, unjust enrichment and/or other equitable relief; and

**(iii)** Dismisses the Cavaliers' Defenses and Counterclaim with full prejudice.

**THEREFORE**, this Court **FINDS AND DECLARES** as follows:

1. Jewelers Mutual issued Personal Jewelry Insurance Policy No. 24-396615 ("Policy") to the Cavaliers, which provided for a policy period of February 7, 2014 through February 7, 2015. The Policy has since expired by its own terms and was not renewed.

2. The Policy's terms are clear and unambiguous, and provided insurance coverage for certain scheduled jewelry items, subject to stated conditions, limitations, exclusions, deductibles, and amendments.

3. The Cavaliers submitted a claim under the Policy to Jewelers Mutual for a loss arising from the alleged theft of certain pieces of jewelry items on or about March 16, 2014.

4. The Cavaliers thereafter submitted a Sworn Statement in Proof of Loss to Jewelers Mutual in connection with the claim on or about April 10, 2014, in the amount of $598,000, net of the Policy's applicable deductible amount.

5. Jewelers Mutual properly reserved its rights on March 17, 2014, and promptly began an investigation of the claim. The investigation into the circumstances surrounding the claim was thorough, reasonable, and proper under the circumstances.

6. After concluding the investigation, Jewelers Mutual denied the claim on October 22, 2014, based upon various Policy provisions and facts determined during the investigation, as specifically set forth in the coverage declination letter issued to the Cavaliers.

7. Jewelers Mutual declined the claim in good faith, and its declination was proper and appropriate under the circumstances.

8. Jewelers Mutual has no further obligations to the Cavaliers under the Policy or otherwise, including, but not limited to, the March 16, 2014 alleged jewelry theft claim.

9. Jewelers Mutual is entitled to a final Judgment in its favor that the claim(s) submitted by the Cavaliers was properly denied under the provisions of the Policy, that there is no coverage for the claim(s) under the Policy, and that Jewelers Mutual has no obligations or responsibilities to the Cavaliers with respect to this matter.

10. Having found that the denial of the Cavaliers' claim(s) was proper and that Jewelers Mutual is entitled to Judgment in its favor, the Court further finds that the Counterclaims asserted by the Cavaliers should be dismissed with prejudice.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECLARED THAT**:

All claims for declaratory relief contained in Jewelers Mutual's Complaint for Declaratory Judgment [Dkt. No. 1] are hereby **GRANTED;** and

All claims contained in the Counterclaim [Dkt. No. 9], along with any other claims or defenses which could have been asserted by the Cavaliers in this action are hereby **DISMISSED WITH PREJUDICE,** with each party to bear their own expenses, costs and attorneys' fees.

**SO ORDERED** this the 14th day of May, 2015.

_____
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

832074